IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY HARLEY, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-cv-3856 |
| : | |
| EDISON 64 VETERAN COMMUNITY : | |
| APARTMENT COMPLEX, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM OPINION

Plaintiff Mary Harley brings this *pro se* civil action against: (1) Edison 64 Veteran Community Apartment Complex; (2) Sonya Gordon Property Management of Edison 64; and, (3) Darisha Parker, who is identified as a State Representative. (ECF No. 2) Harley also moved to proceed *in forma pauperis* and for appointment of counsel. (ECF Nos. 1 & 4.) For the following reasons, the Court will grant Harley leave to proceed *in forma pauperis*, dismiss her Complaint and deny her Motion for Appointment of Counsel.

**I.**    **FACTUAL ALLEGATIONS**

Although Harley is the named plaintiff in the Complaint, her allegations concern her daughter, Ebony Shania Harley, who is a resident in the Edison 64 Veteran Community Apartment Complex. According to Harley, her daughter moved into the apartment complex when it was completed in 2019, but is now being "held against her will for 14 weeks as of 8/26/2021 for a problem she doesn't have." Harley also alleges, somewhat contradictorily, that Defendant Sonya Gordon ("Gordon") is attempting to improperly evict her daughter, even though her daughter allegedly pays rent on time and is respectful to other tenants.

Harley further alleges that Gordon violated her daughter's rights by "allow[ing] some sort of police radio detector or community program wire detect her privacy talking in her apartment,"

which is affecting her daughter's brain. She also claims that Gordon misdiagnosed her daughter as a paranoid schizophrenic. According to Harley, Defendant Darisha Parker was at the apartment complex one day and "has some involvement with wiretapping [her] daughter's apt." The Complaint describes injuries suffered by Harley's daughter in the form of electrical units in the apartment which interfere with her brain and "make her lose her mind" so that the Defendants can evict her. Harley asks the Court to compensate her daughter for these injuries.

## II.     STANDARD OF REVIEW

The Court grants Harley leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous, malicious, or fails to state a claim. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court's continuing obligation to assure its jurisdiction includes an assessment of whether a plaintiff has standing to pursue her claims. *See Seneca Res. Corp. v. Twp. of Highland, Elk Cty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing and mootness sua sponte."); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (explaining that Article III, § 2, of the Constitution limits the power of the federal courts to the resolution of cases and controversies, which is "satisfied only where a plaintiff has standing.").

## III.    DISCUSSION

Harley brings claims based on harm suffered by her daughter and seeks compensation on her daughter's behalf. Harley however, cannot bring suit to redress the alleged wrongs suffered

by her daughter because "a plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim.  *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (internal quotations omitted).  Moreover, *pro se* litigants who are not attorneys may not represent anyone other than themselves in federal court, including their children.  *See, e.g.*, *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (non-attorney father proceeding *pro se* could not pursue claims on behalf of his minor children).  Accordingly, the Complaint is dismissed because Harley lacks standing to pursue claims on her daughter's behalf.

IV.   **CONCLUSION**

For the foregoing reasons, the Court will grant Harley leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for lack of standing and subject-matter jurisdiction.  *See, e.g.*, *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020) ("Dismissal for lack of standing reflects a lack of jurisdiction, so dismissal of Thorne's amended complaint should have been without prejudice.").  Harley's Motion for Appointment of Counsel will be denied.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (instructing that courts should first determine whether plaintiff's lawsuit has a legal basis when deciding whether appointment of counsel).  An appropriate Order follows.

BY THE COURT:

/s/Wendy Beetlestone, J.

**WENDY BEETLESTONE, J.**